EDWIN W. THORP, respondent,

*v.*

ISABELLA T. SMITH et al., appellants.

[Filed March 4th, 1903.]

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *18 Dick. Ch. Rep. 70.*

*Mr. Joseph Anderson,* for the appellants.

*Mr. James A. Gordon,* for the respondent.

PER CURIAM.

Ezekiel Thorp, the father of Isabella T. Smith, the appellant, and of Edwin W. Thorp, the respondent, died intestate, seized of certain lands and premises in the city of Jersey City. A few weeks before his death he executed and delivered to his daughter, Isabella, without any valuable consideration being paid by her therefor, a mortgage for $3,000 upon these lands. The respondent (the complainant below) seeks, by his bill of

Thorp *v.* Smith.

complaint, to have this mortgage declared to be void and of no effect as to the undivided one-half part of the lands and premises which descended to him on the death of his father, the grounds of relief being that it was the product of undue influence exercised by the daughter, and that the father was mentally incapable of appreciating the legal effect of his act. The opinion of the learned vice-chancellor who heard the case, after a very full recital of the facts proved before him, thus summarizes those which led him to the conclusion that the complainant was entitled to the relief prayed by him: "The mortgagor was advanced in years, in feeble health, naturally of weak will, with mental powers weakened by cerebral disease so that he did not appreciate his pecuniary circumstances and moral obligations, and was unable 'clearly to discern and discreetly to judge of all those things and all those circumstances which enter into the nature of a rational, fair and just disposition of his property.' While in that condition he was subjected to the influence of the defendant, and executed the mortgage without having the benefit of the advice of independent and disinterested counsel, given in the absence of the mortgagee, to make him fully understand, realize and appreciate the full effect and consequences of the instrument in all its bearings. It does not appear that he understood that, by its execution, he put himself in the power of his daughter without anything in writing to protect him. It does not appear that he fully appreciated his obligations to his son, the complainant. The burthen is on the defendant to establish the affirmative of these propositions, and, in my opinion, she has failed therein."

An examination of the testimony proves the accuracy of this summary; the facts set out therein justify the conclusion reached by the vice-chancellor:

The decree below should be affirmed.

*For affirmance*—The Chief-Justice, Van Syckel, Dixon, Garrison, Fort, Garretson, Hendrickson, Bogert, Vredenburgh, Voorhees, Vroom—11.

*For reversal*—None.